UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| **MILTON DWAYNE GOBERT,** § § § | |
| **Petitioner,** § § | Civil No. 1:15-CV-42-RP |
| v. § § | * DEATH PENALTY CASE * |
| **BOBBY LUMPKIN, Director,** § **Texas Department of Criminal Justice,** § **Correctional Institutions Division,** § § | |
| **Respondent.** § | |

## ORDER SETTING *EX PARTE* HEARING

Before the Court is a Motion to Withdraw filed by Petitioner Milton Gobert's appointed counsel, Seth Kretzer and Carlo D'Angelo. (ECF No. 74). Citing their client's total lack of trust in their representation, counsel believe a "total breakdown in the attorney-client relationship" has occurred which makes it impossible for them to proceed further. Counsel request permission to withdraw and that new counsel be appointed to represent Gobert in appealing this Court's recent denial of federal habeas corpus relief.

Under 18 U.S.C. § 3599(e), counsel appointed to represent a capital defendant are obligated to continue representing their client until a court of competent jurisdiction grants a motion to withdraw. *See Wilkins v. Davis*, 832 F.3d 547, 557-58 (5th Cir. 2016) ("[C]ounsel is authorized–and indeed obligated–to continue representing the defendant until the court permits him to withdraw."). Motions to withdraw are evaluated under "interest of justice" standard set forth in *Martel v. Clair*, 565 U.S. 648, 658 (2012). To warrant a substitution of counsel under this standard, good cause must be shown, such as "a conflict of interest, a complete breakdown in communication or an irreconcilable conflict which leads to an apparently unjust verdict." *United States v. Romans*, 823 F.3d 299, 312 (5th Cir. 2016) (citations omitted).

After careful consideration, the Court finds that a hearing is necessary before granting or denying counsels' request. The hearing will address Gobert's accusations against counsel and whether an irreconcilable conflict or complete breakdown in communications exists that warrants the appointment of new counsel at this late stage in the proceedings. As the hearing may involve privileged attorney/client matters, counsel for Respondent shall not attend.

Accordingly, the Court hereby **ORDERS** Petitioner Gobert, as well as Gobert's appointed counsel, Seth Kretzer and Carlo D'Angelo, to appear for a **VIDEO CONFERENCE** before U.S. District Judge Robert Pitman on **Friday, April 22, 2022, at 10:30 a.m.** The Courtroom Deputy will send out the link information prior to the hearing, which is expected to last no longer than one hour.

It is further **ORDERED** that Respondent, as the Director of the Criminal Institutions Division of the Texas Department of Criminal Justice, as well as Warden Daniel Dickerson, the senior warden of the Polunsky Unit, 3872 FM 350 South, Livingston, Texas, 77351, are directed to make Petitioner Gobert available on the above time and date in order to participate in this hearing.

Finally, the Clerk of the Court is **ORDERED** to transmit a copy of this order to Petitioner Gobert as well as to counsel of record for each respective party.

It is so **ORDERED**.

**SIGNED this the 8th day of April, 2022.**

_____
**ROBERT PITMAN**
**UNITED STATES DISTRICT JUDGE**